**John RENO, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 07–15593.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed June 20, 2008.

James Ireijo, Esq., Cool, CA, for Plaintiff–Appellant.

R. Michael Burke, Esq., USH–Office of the U.S. Attorney, Honolulu, HI, for Defendant–Appellee.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

MEMORANDUM **

John Reno appeals the district court's summary judgment in favor of the United States in his medical malpractice action filed under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* We review de novo, *Davis v. Team Elec. Co.,* 520 F.3d 1080, 1088 (9th Cir.2008), and we affirm.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly granted summary judgment on Reno's negligence claim. Reno's expert report and declaration did not create a genuine issue of material fact as to whether the government's conduct during and after the knee surgery breached the standard of care or whether the breach caused his injuries. The expert reports were inadequate because they were conclusory and failed to explain in any meaningful way the basis for the opinions. Notably, Dr. Michlin's declaration provided no discussion of acceptable medical practices, or any other explanation for its conclusion that Reno's treatment was below the medical standard of care. *See Craft v. Peebles,* 78 Hawai'i 287, 893 P.2d 138, 149 (1995) (discussing the elements of medical malpractice under Hawaii law).

The court also properly denied Reno's motion for additional discovery. Because Reno asserted that he needed additional discovery only if summary judgment were denied, his motion was moot. Further, the motion did not comply with the requirements of Rule 56(f) of the Federal Rules of Civil Procedure because Reno did not identify specific facts he hoped to discover that would support his claim. *See Cont'l Mar. of San Francisco, Inc. v. Pac. Coast Metal Trades Dist. Council, Metal Trades Dep't,* 817 F.2d 1391, 1395 (9th Cir.1987).

AFFIRMED.